UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KYLA HANNAH HERSHEY-WILSON,

                Plaintiff,

  -v-

THE CITY OF NEW YORK, ET AL,

                Defendants.

Case No. 05-CV-7026 (KMK) (JCF)

<u>ORDER</u>

KENNETH M. KARAS, District Judge:

    Having considered the submissions of the Parties, IT IS HEREBY ORDERED THAT: Plaintiff's Motion for Reconsideration is DENIED.  IT IS FURTHER ORDERED THAT: Plaintiff's request for certification of the question to the Court of Appeals is DENIED.

    On April 20, 2006, the Court heard oral argument on Plaintiff's Motion for Relief pursuant to Federal Rule of Civil Procedure 72 of Magistrate Judge Francis' discovery ruling requiring Plaintiff to produce certain mental health records.  On the record and in an Order dated that same day, the Court denied Plaintiff's Motion.  On May 2, 2006, Plaintiff filed a Motion for Reconsideration, or in the Alternative, for Certification of the Question to the Court of Appeals ("Motion for Reconsideration").  Familiarity with the facts of this case is presumed.  For the reasons stated below, Plaintiff's Motion is denied.

    Motions for reconsideration are governed by Local Civil Rule 6.3 and Federal Rule of Civl Procedure 59(e), which applies to interlocutory judgments and orders.  *See Lichtenberg v. Besicorp Group Inc.*, 204 F.3d 397, 400 (2d Cir. 2000).  Pursuant to Rule 59(e), "[a] court is justified in reconsidering its previous ruling if:  (1) there is an intervening change in the

controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent obvious injustice." *Marino v. United States*, No. 97 Civ. 1884, 1998 WL 512958, at *1 (S.D.N.Y. Aug. 18, 1998). The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied" unless the moving party can show that the Court "overlooked controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." *Zinnamon v. Bank of New York*, No. 06 Civ. 1805, 2006 WL 1652662, at *1 (E.D.N.Y. June 8, 2006). The moving party cannot introduce arguments "not made in the challenged proceeding" in his motion for reconsideration. *Marino*, 1998 WL 512958, at *2. However, the moving party can introduce "additional relevant case law" to prove that the Court has made a clear error of law. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). It is within this Court's discretion to grant the Motion for Reconsideration. *See Dweck Law Firm, LLP v. Mann*, No. 03 Civ. 8967, 2004 WL 2202587, at *1 (S.D.N.Y. Sept. 30, 2004).

Plaintiff argues that the Court should reconsider its April 20, 2006 Order based on case law decided subsequent to this Court's Order. In *Greenberg v. Smolka*, No. 03 Civ. 8572, 2006 WL 1116521 (S.D.N.Y. Apr. 27, 2006), the court held that the plaintiff had not waived the psychotherapist-patient privilege by alleging emotional distress. *Id.* at *7. *Greenberg* constitutes neither controlling case law nor a change in the law.[1] First, *Greenberg* is a district court case,

---

[1]On September 18, 2006, Plaintiff submitted a letter requesting that the Court consider two additional cases not cited in Plaintiff's initial Motion for Reconsideration. Plaintiff argues that these cases – *Kunstler, et. al. v. City of New York*, No. 04 Civ. 1145, 2006 WL 2516625 (S.D.N.Y. Aug. 29, 2006) and *Brown v. Mineta*, No. 03 Civ. 2594 (E.D.N.Y. Oct. 14, 2005) – "further support[] the request for Reconsideration." (Letter from James I. Meyerson to the Court,

2

and therefore, is not controlling on this Court. Second, even the *Greenberg* court acknowledges that "the courts have not developed a consistent approach to whether and when waiver is properly inferred" where a plaintiff has asserted so-called "garden variety" emotional distress. *Id.* at *5. In its April 20, 2006 Order, this Court considered the relevant case law (including case law cited by Plaintiff) and determined that Plaintiff had waived the privilege.[2] Plaintiff has not demonstrated that there has been an intervening change in controlling law, that new evidence has come to light, or that this decision was a clear error of law. Accordingly, Plaintiff's Motion for Reconsideration is denied.

What remains is the question of Plaintiff's request for a certificate of appeal. Discovery orders generally are not appealable. *See, e.g.*, *In re W.R. Grace & Co.*, 984 F.2d 587, 589 (2d Cir. 1993) (refusing to issue writ of mandamus on a pre-trial discovery order); *Chase Manhattan Bank, N.A. v. Turner & Newall, PLC*, 964 F.2d 159, 166 (2d Cir. 1992) (reaffirming "long-standing view" that interlocutory discovery orders are not appealable, even when a claim of privilege is involved); *Xerox Corp. v. SCM Corp.*, 534 F.2d 1031, 1031-32 (2d Cir. 1976) ("[W]e have repeatedly sought to make clear that in the absence of a certification pursuant to 28 U.S.C. § 1292(b) or of a showing of persistent disregard of the Rules of Civil Procedure, . . . or of a manifest abuse of discretion, . . . on the part of the district court, no

---

Sept. 16, 2006) However, like *Greenberg,* these cases constitute neither controlling case law nor a change in the law, and therefore do not support reconsideration under Rule 59(e).

[2]Plaintiff argues that the Second Circuit in *Kerman v. City of New York*, 374 F.3d 93 (2d Cir. 2004) demonstrated an inclination to adopt her position. (Pl.'s Mem. 11) However, there is nothing in *Kerman* which would suggest such an interpretation. The passage to which Plaintiff refers is a discussion about damage awards for a loss of liberty claim, not the scope of discovery, and is not applicable to the issue in this case. *See id.* at 125.

jurisdictional basis exists for interlocutory review of pretrial discovery orders . . . ." (quotations and citations omitted)).  If the Court believes that the "order involves a controlling question of law as to which there is substantial ground for difference of opinion *and* that an immediate appeal from the order may materially advance the ultimate termination of the litigation," the Court may certify the question for appeal.  28 U.S.C. § 1292(b) (emphasis added).  Nevertheless, the Second Circuit has held that "although [section 1292(b)] was designed as a means to make an interlocutory appeal available, it is a rare exception to the final judgment rule that generally prohibits piecemeal appeals."  *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996).

Permitting appeal of the question at this juncture will not "materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  "An immediate appeal is considered to advance the ultimate termination of the litigation if that 'appeal promises to advance the time for trial or to shorten the time required for trial.'"  *In re Oxford Health Plans, Inc.*, 182 F.R.D. 51, 53 (S.D.N.Y. 1998) (quoting 16 Charles A. Wright & Arthur Miller, Federal Practice and Procedure § 3930 (2d ed. 1996)).  Reversal of this Court's discovery Order on appeal would have no effect on the commencement or the length of the trial.  Plaintiff's emotional distress claim is one of several she makes.  Therefore, even if a protective order were issued, there will still be extensive discovery related to her other claims.  *See Lorentz v. Westinghouse Elec. Corp.*, 472 F. Supp. 954, 956 (D. Pa. 1979) ("[C]ourts have refused certification for interlocutory orders because the question involved in the interlocutory appeal was only one of many triable issues.").  Moreover, Plaintiff concedes that the magnitude of her mental health records is not great.  Whether those records are discoverable will have little effect

on the discovery schedule or the time for trial.

Because the Court finds that appeal of the instant discovery Order will not advance the ultimate termination of the litigation, it need not address whether there is a controlling question of law or whether there is substantial ground for difference of opinion. Accordingly, Plaintiff's request to have this issue certified for appeal is denied.

The Clerk of the Court is directed to terminate the Motion (Doc. No. 32).

SO ORDERED.

Dated: September 20, 2006
New York, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

Service List:

James I. Meyerson
396 Broadway
#601
New York, NY 10013
Fax: (212) 219-9412
*Counsel for Plaintiff*

Jay Alan Kranis
Jeffrey Anthony Dougherty
City of New York Law Department
100 Church Street
New York, NY 10007
Fax: (212) 788-9776
*Counsel for Defendants*